KENNETH Y.,

Case No. 26-CV-1877 (PJS/EMB)

Petitioner,

v.

ORDER

PAMELA BONDI, Attorney General;
MARKWAYNE MULLIN, Secretary, U.S.
Department of Homeland Security; TODD
M. LYONS, Acting Director of Immigration
and Customs Enforcement; DAVID
EASTERWOOD, Acting Director, St. Paul
Field Office Immigration and Customs
Enforcement; and RYAN SHEA, Sheriff of
Freeborn County,

Respondents.

Kira Aakre Kelley, CLIMATE DEFENSE PROJECT, for petitioner.

Stephanie Bengford and David W. Fuller, UNITED STATES ATTORNEY'S
OFFICE, for all respondents except Ryan Shea.

David John Walker, FREEBORN COUNTY ATTORNEY'S OFFICE, for
respondent Ryan Shea.

This matter is before the Court on petitioner Kenneth Y.'s petition for a writ of

habeas corpus. V. Pet., ECF No. 1.[1] Kenneth, a citizen of Ghana, was admitted to the

United States on a J-1 class "exchange visitor" visa on July 8, 2024. *Id.* ¶ 7; Minner Decl.

---

[1]Pursuant to this District's policy in immigration cases, the Court identifies
petitioner only by his first name and last initial.

¶¶ 4–6, Ex. A, ECF No. 6.  Kenneth's visa expired on September 9, 2024, but he unlawfully remained in the United States.  Minner Decl. ¶ 6, Ex. A.  On March 12, 2026, Immigration and Customs Enforcement ("ICE") agents arrested Kenneth while he was parked outside of a grocery store.  V. Pet. ¶¶ 17–19.  According to his petition, Kenneth was not presented with a warrant at the time of his arrest.  *Id.* ¶ 20; ECF No. 7 at 3.  But later that day, Kenneth was served with a Form I-200 Warrant of Arrest and a notice to appear placing him in removal proceedings.  Minner Decl. ¶ 7, Ex. B; ECF No. 5 at 2.

Following his arrest, Kenneth filed this habeas action.  At the time, Kenneth was "under the impression" that he was being detained pursuant to "the 'mandatory detention' provision of 8 U.S.C. § 1225(b)(2)."  ECF No. 7 at 1.  But respondents have clarified that Kenneth was detained pursuant to 8 U.S.C. § 1226(a), and respondents concede that Kenneth is therefore "entitled to a bond hearing upon request."  ECF No. 5 at 4.  Kenneth *did* request a bond hearing, and that hearing is scheduled to occur at 8:30 am today (March 25, 2026).  Ex. 1, ECF No. 5-1.

On these facts, respondents contend that there is no basis to grant Kenneth's petition.  ECF No. 5 at 1.  Kenneth disagrees, arguing that his "detention remains a due process violation" because respondents failed to comply with the warrant requirements of 8 U.S.C. § 1226.  ECF No. 7 at 2–3.

As explained by Judge Tostrud in *Ahmed M. v. Bondi*, an arrest warrant is a prerequisite to lawful detention under § 1226(a). No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *see also* 8 U.S.C. § 1226(a) ("*On a warrant issued by the Attorney General*, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States.") (emphasis added). "If the alien has not been arrested on a warrant, then the subsequent provisions giving the Attorney General discretion to detain or release 'the arrested alien' are likewise not triggered." *Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023) (quoting 8 U.S.C. § 1226(a)).

The question, then, is whether the agents who arrested Kenneth acted "[o]n a warrant issued by the Attorney General." 8 U.S.C. § 1226(a); *see also* ECF No. 7 at 2. Kenneth alleges in his petition that the ICE "agents did not *show* [him] a warrant for his arrest." V. Pet. ¶ 20 (emphasis added). But in answering Kenneth's petition, respondents submitted a copy of an administrative warrant for Kenneth's arrest dated December 21, 2025. Minner Decl. Ex. B at 4; *see also* ECF No. 5 at 2 (noting that Kenneth was issued a "Form I-862 and a Notice to Appear" after his arrest). In his reply, Kenneth does not seriously challenge the existence or validity of that warrant. Moreover, the record establishes not only that a warrant was issued months before Kenneth was taken into custody, but that the warrant was served on Kenneth as he was

being processed shortly after his arrest.  *See* Minner Decl., Ex. B at 4 (warrant dated December 21, 2025); *see also id.* at 6–7 (reporting that Kenneth was "processed and served Form[] . . . I-200, Warrant for Arrest of Alien").  Under these circumstances, the Court finds that Kenneth was arrested and detained "[o]n a warrant issued by the Attorney General" and therefore his detention is lawful.  8 U.S.C. § 1226(a).[2]

Even if the Court is incorrect—that is, even if Kenneth was not arrested "[o]n a warrant" because ICE officers did not present the (existing) warrant to Kenneth at the moment of his arrest—ordering Kenneth's release would accomplish nothing meaningful (except perhaps to delay Kenneth's bond hearing).  ICE agents would have every right to walk Kenneth to the door of the detention facility, have him take a step outside, hand him the arrest warrant, and take him right back into custody.  The Court sees no point in ordering ICE to release Kenneth for a couple of seconds so that ICE may re-present him with a warrant that was issued long before his arrest and that he was

---

[2]The existence of a valid warrant that was served on Kenneth the same day he was taken into custody distinguishes this case from cases involving truly warrantless arrests.  Moreover, the Court has previously held that, under certain circumstances, detention following a truly warrantless arrest is lawful as long as a warrant is issued and presented to the alien promptly after his or her arrest.  *See, e.g.*, *Carlos A. v. Bondi*, No. 26-CV-1434 (PJS/SGE), ECF No. 9 at 6 (D. Minn. Feb. 24, 2026); *Kevin K.L. v. Bondi*, No. 26-CV-1831 (PJS/JFD), ECF No. 8 at 3 n.3 (D. Minn. Mar. 17, 2026); *Fernando C.C. v. Bondi*, No. 26-CV-1235 (LMP/JFD), 2026 WL 446408, at *4–5 (D. Minn. Feb. 17, 2026); *but see Alberto C.M. v. Noem*, No. 26-CV-0380 (DWF/SGE), 2026 WL 184530, at *2 (D. Minn. Jan. 23, 2026).

given shortly after his arrest. *See, e.g.*, *Somvang P. v. Sec'y*, No. 26-CV-0037 (PJS/EMB), ECF No. 21, at 5–8 (D. Minn. Mar. 20, 2026) (denying habeas relief despite ICE's failure to provide petitioner with adequate notice of changed circumstances because petitioner later received notice and ICE could lawfully re-detain petitioner immediately upon any court-ordered release).

For these reasons, Kenneth's petition is denied.

### ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT petitioner's petition for a writ of habeas corpus is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 25, 2026

s/Patrick J. Schiltz
Patrick J. Schiltz, Chief Judge
United States District Court